UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LUIS LUGO,

                           Plaintiff,

      -against-

OT NYACK, LLC, VENTUS CAPITAL LLC,
VENTUS MANAGEMENT LLC, OAK TREE
CAPITAL LLC, YOUSSEF GOLDBERG a/k/a
Yousef, SHIMON RIEDER, MALKY ROSENFELD,
MICHELLE ESLE, and KELLY MOORE-
GARGANO,

                          Defendants.
------------------------------------------------------------------------x

**ORDER**

24 Civ. 5330 (JCM)

      Plaintiff Luis Lugo commenced this action against Defendants OT Nyack LLC, Ventus Capital LLC, Ventus Management LLC, Oak Tree Capital LLC, Youssef Goldberg a/k/a Yousef, Shimon Rieder, Malky Rosenfeld, Michelle Else, and Kelly Moore-Gargano, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as well as the New York Labor Law, §§ 190, *et seq.* and 650, *et seq.* (Docket No. 1). On May 28, 2025, the parties submitted a Settlement Agreement and Release ("Agreement") for the Court's review,[1] (Docket No. 22-1), accompanied by a letter in support of the Agreement, (Docket No. 22), a damage computation, (Docket No. 22-2), and attorney time records and costs, (Docket No. 22-3).[2]

      "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable

---

[1] The Court notes that the caption of the Agreement references the Eastern District of New York and the body references both the Southern and Eastern Districts of New York. (Docket No. 22-1 at 1, 3). It is clear from the record and the docket that this matter is pending in the Southern District of New York.

[2] On May 7, 2025, the parties consented to the jurisdiction of the undersigned over this matter for all purposes pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Docket No. 21).

1

the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotations and citations omitted).

Here, the parties engaged in early settlement discussions and focused on resolving the matter before extensive discovery was conducted. "There is much to be admired in this approach, which conserves both attorney time and judicial resources." *Plizga v. Little Poland Rest. Inc.*, No. 15-cv-08820(LAK)(BCM), 2016 WL 9307474, at *5 (S.D.N.Y. July 18, 2016). In addition, based on my review of the Agreement, as well as the entire record, I find that the Agreement was the product of arm's-length negotiations between able counsel, and that the terms of the Agreement, including an award of Plaintiff's counsel's fees in the amount of one-third of the total settlement amount,[3] are a fair and reasonable resolution of the case. *See Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (citations omitted). Accordingly, after considering all of the *Wolinsky* factors, the Court approves the Agreement.

The parties are directed to file a stipulation of dismissal with prejudice by June 18,

---

[3] The approval of the attorneys' fees award does not constitute an endorsement that the hourly rates are reasonable.

2025. The Court will retain jurisdiction for the limited purpose of enforcing the Agreement.

Dated: June 11, 2025
       White Plains, New York

                              **SO ORDERED:**

                              */s/ Judith C. McCarthy*
                              JUDITH C. McCARTHY
                              United States Magistrate Judge